## No. 1448.—David N. Barrow *v.* William S. Pike.

Contracts growing out of the use of Confederate Treasury Notes as a medium of exchange cannot be judicially enforced.  19 An. 269, 288, 359, Constitution of 1868, Art. 127.

APPEAL from the Fourth District Court of New Orleans, *Theard, J. Pitot and Bright*, for plaintiff and appellant, *Morgan & New*, for defendant and appellee.

Howe, J.  The plaintiff sues to recover the sum of $19,752 91, with interest from September 14, 1863, upon the ground that he was a partner with the defendant and others in certain purchases and sales of sugar from September 29, 1862 to September 14, 1863; that a large profit was made and declared upon the books of the firm; that the share of the plaintiff being the sum mentioned above, was credited to the defendant for plaintiff, and that the defendant withdrew from the firm these funds of plaintiff and has since retained them.

A mass of testimony appears in the record, and numerous questions have been raised by counsel, but the view which we have taken of the case makes it necessary to consider but a single point.

It clearly appears that the whole transaction was conducted in what were called "Confederate Notes."  The sugar was purchased with these notes, it was sold for them, and it even appears from the testimony of Crutcher, one of the parties to the alleged partnership, that the amount thus realized in Confederate notes was, at the time of the trial of this case, still in possession of Crutcher & Co., by whom the sales were made.

Even if we admit, therefore, the truth of the allegations of the plaintiff as to the partnership and the profits, we cannot lend our aid to settle disputes in regard to such transactions, and to divide their apparent gains.  17 A. 261, 19 A. 161, 164, 257, 269, 288, 359.

We think this question not only firmly settled in our jurisprudence, but rightly settled.  But if there were doubt as to the correctness of this series of decisions, we think this court cannot now enforce the matters of contract disclosed in this case.  By article 127 of our present Constitution, all agreements, the consideration of which was Confederate money, notes or bonds, are declared to be null and void; and it is decided that they shall not be enforced by the courts of this State. We think the case at bar is within this prohibition, for the business of the alleged partnership was to acquire and divide Confederate notes, and the foundation of the action is the averment that the defendant has received, and retains, the share of profits accruing to plaintiff.

The judgment of the court *a qua* was in favor of defendant.

It is ordered and adjudged that the same be affirmed, with costs in both courts.

Rehearing refused.